# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Michael Ellis Evans, | ) | |
| | ) | Civil Action No.: 8:15-cv-02731-JMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Cecilia Reynolds, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Michael Evans ("Petitioner") filed this *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 alleging that his trial counsel was ineffective for failing to conduct a proper pretrial investigation. (ECF No. 1.) This matter is before the court on Respondent's Motion for Summary Judgment (ECF No. 16.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Jacquelyn Austin, for pre-trial handling. On July 15, 2016, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court grant Respondent's Motion for Summary Judgment and deny the Petition. (ECF No. 21.) The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a recitation.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with

1

instructions. *See* 28 U.S.C. § 636 (b)(1). If the petitioner fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

Petitioner was advised of his right to file objections to the Report (ECF No. 21-1.) After receiving an extension from this court (ECF No. 26), Petitioner filed timely objections to the Report (ECF No. 28). However, Petitioner's objections are non-specific and irrelevant to the Report. In his objections, Petitioner asserts that his claim was not procedurally defaulted because in his petition for writ of certiorari, he asserted that his plea was not knowingly and voluntarily made based on his counsel's ineffectiveness. (ECF No. 28.) But, Petitioner does not assert that the Magistrate Judge improperly concluded that his claim for ineffective assistance of counsel based on his trial counsel's alleged failure to conduct a pretrial investigation was not raised to the South Carolina Supreme Court. Further, Petitioner's claim that his plea was not made knowingly and voluntarily is not before this court, and Petitioner did not move to amend his habeas petition in order to properly assert that claim.

Because Petitioner failed to properly object to the Report, the court does not need to conduct a *de novo* review and instead may accept the recommendation if there is no clear error in the Report. The court does not find clear error and accepts the Report of the Magistrate Judge.

Based on the aforementioned reasons and a thorough review of the Report of the Magistrate Judge and the record in this case, the court **ACCEPTS** the Report of the Magistrate Judge (ECF No. 21). It is therefore ordered that Respondent's Motion for Summary Judgment (ECF No. 16) is **GRANTED** and this Petition (ECF No. 1) is **DENIED**.

### Certificate of Appealability

The law governing certificates of appealability provides that:

2

> (c)(2) A certificate of appealability may issue… only if the applicant has made a substantial showing of the denial of a constitutional right.
> (c)(3) The certificate of appealability… shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

September 15, 2016
Columbia, South Carolina